## Commonwealth of Pennsylvania *v.* Joseph Pefferman and Nicholas Goltron, Appellants.

*Liquor law—Club management and distribution of liquor.*

An unlicensed sale of liquor, under guise of club distribution, would be clearly unlawful and the law will look through all disguises and so pronounce it. Com. v. Smith, 2 Pa. Superior Ct. 474, followed.

*Liquor law—Club sales—Evidence.*

On the trial of an indictment for selling liquor without a license, which charged certain members of a club with the unlawful distribution of liquor among the members, it was error to reject defendants' offer to show that the club was incorporated; that defendants are all members of said corporation or association; that said association is organized in good faith

with a selected membership of persons owning its property in common; that the distribution of liquors among the members of said association is not a sale of same but a distribution among its members; that no sales were made to any one, except members of said organization, and that said association was not formed for the purpose of evading the liquor license law.

While the effect of all the evidence is a matter for after consideration, the question whether or not there was an illegal sale could only be arrived at satisfactorily after the rejected testimony had been admitted.

Argued December 11, 1899.    Appeal, No. 86, April T., 1890, by defendants, from judgment of Q. S. Allegheny Co., Sept. Sess., 1899, No. 528, on verdict of guilty.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ.    Reversed.    Opinion by BEAVER, J.

Indictment for selling liquor without a license.    Before STOWE, P. J.

At the trial defendants' counsel made the following offer:

[Defendants' counsel propose to prove the incorporation of the East Pittsburg Turnverein, of East Pittsburg, Pa.; that the defendants are all members of said corporation or association; that said association is organized in good faith, with a selected membership of persons owning its property in common; that the distribution of liquors among the members of said association is not a sale of same, but a distribution among its members; that no sales were made to any one except members of said organization; and that said association was not formed for the purpose of evading the liquor license law.

Commonwealth objects, and objection sustained.

The Court: There is nothing in the purposes of the charter which authorizes the sale of liquor, as proved by the commonwealth.] [1]

Verdict of guilty and sentence thereon, said defendants severally to pay a fine of $500 to the commonwealth, costs of prosecution and undergo imprisonment in the Allegheny county workhouse for and during a period of three months.    Defendants appealed.

*Error assigned* was (1) in sustaining the objection of commonwealth's attorney to defendants' offer, reciting same and the ruling thereon.

*W. W. McElhaney,* with him *John F. Cox,* for appellants.—
It will be observed that the offer ruled out by the learned judge
in the court below was prepared in the light of the decision in
this case.   The offer was as follows :

Defendants' counsel propose to prove the incorporation of
the East Pittsburg Turnverein of East Pittsburg, Pa. ; that de-
fendants are all members of said corporation or association ;
that said association is organized in good faith, with a selected
membership of persons owning its property in common ; that
the distribution of liquors among the members of said associa-
tion is not a sale of same, but a distribution among its mem-
bers ; that no sales were made to any one except members of
said organization, and that said association was not formed for
the purpose of evading the liquor license law.

The test as to whether the sale or distribution of liquors
among members of a club or association is legal or illegal, seems
to rest upon the very facts embraced in offer of defendants'
counsel, viz :

First, the good faith of the organization ; second, the method
of the selection of its members ; third, the common ownership
of its property ; fourth, the manner of the distribution of liquors
among its members ; fifth, the sale to none except members.
All these for the purpose of showing that the club was not
formed for the purpose of evading the liquor laws of the com-
monwealth.

As defendants' offer proposed to make proof of these essen-
tial facts, it is contended that they were entitled to make such
proofs by the production of such competent testimony as they
might be able to offer upon these points in their behalf, and
present the question squarely to the jury, who were the judges
of the fact.

As the case stood, the defendants were powerless to in any
way defend themselves, as any excuse for their furnishing
liquors to their fellow-members, which was necessarily admitted
by them, was swept away by the ruling of the court.

No paper-book or appearance for appellee.

OPINION BY BEAVER, J., January 17, 1900 :

The appellants were indicted for selling liquor without a

license. As matter of defense, they offered "to prove the incorporation of the East Pittsburg Turnverein of East Pittsburg, Pa.; that defendants are all members of said corporation or association; that said association is organized in good faith with a selected membership of persons owning its property in common; that the distribution of liquors among the members of said association is not a sale of same but a distribution among its members; that no sales were made to any one, except members of said organization, and that said association was not formed for the purpose of evading the liquor license law." This offer was overruled and the testimony rejected, and the action of the court below in so doing is the only error assigned.

We are not disposed to go one step beyond Commonwealth v. Smith, 2 Pa. Superior Ct. 474, which was based upon Klein v. Livingston Club, 177 Pa. 224. The offer is couched in the language of the former case and seems to us should have been admitted. Without the admission of the testimony offered, the act of incorporation was not properly before the court. Whether or not, after the admission of the testimony, the court could, as a matter of law, find that distribution of liquors in the manner in which they were alleged in the defendant's offer to have been distributed in their club was inconsistent with the objects of the association as incorporated would have been a question for consideration. The testimony offered should have been received. The effect of it would have been a matter for consideration afterward. As was said by Mr. Justice DEAN in Klein v. Livingston Club, supra: "If this were an unlicensed sale under the guise of club distribution, it would clearly be unlawful; the law would look through all disguises and so pronounce it." But this could be satisfactorily done only after the testimony had been admitted. This conclusion is not to be in any way regarded as a determination of what the ruling of the court upon all the evidence should have been.

Judgment reversed and a new venire awarded.